UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNY P.,

                Plaintiff,

v.                                          1:20-CV-1011
                                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH HILLER, ESQ.
  Counsel for Plaintiff                                CORINNE MANFREDI, ESQ.
6000 North Bailey Ave, Ste. 1A                JEANNE MURRAY, ESQ.
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               DANIELLA CALENZO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 14.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1976. (T. 286.) He completed high school. (T. 404.) Generally, Plaintiff's alleged disability consists of carpal tunnel in both hands and back pain. (T. 273.) His alleged amended disability onset date is January 1, 2017. (T. 390.)

### B. Procedural History

On January 1, 2017, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 286.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 11, 2019, Plaintiff appeared before the ALJ, Theodore Kim. (T. 242-271.) On June 18, 2019, ALJ Kim issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 216-237.) On June 6, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 221-232.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2017. (T. 221.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease of the lumbar spine with spondylosis and radiculopathy; bilateral carpal tunnel syndrome; obesity; sciatica; tinea pedis, bilateral feet; bilateral epicondylitis; bilateral upper extremity ulnar nerve lesions; PTSD; ADHD; schizoaffective disorder, bipolar type; major depressive disorder; social anxiety disorder; and anxiety. (T. 222.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments

2

located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (*Id.*) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), except:

> he must be allowed to stand up to five minutes after every thirty minutes of sitting and to sit down up to five minutes after every thirty minutes of standing, while remaining on task. He can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. He can occasionally push or pull, or operate foot controls, with both lower extremities. He requires a cane to ambulate. He can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. He can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. He can tolerate occasional exposure to vibration. In addition, he is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions. He can occasionally deal with supervisors and co-workers. He can never deal with the public. He can occasionally deal with changes in a routine work setting.

(T. 224.)[1] Fifth, the ALJ determined Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 231-232.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the AC erred by not properly considering the new and material evidence submitted by Plaintiff. (Dkt. No. 10 at 14-20.) Second, and lastly, Plaintiff argues the "highly specific RFC determination is a product of the ALJ's

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

lay judgment and is not supported by substantial evidence." (*Id*. at 20-27.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 13.)

### B. Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ's RFC finding for a range of light work is supported by substantial evidence.  (Dkt. No. 11 at 6-19.)  Second, and lastly, Defendant argues the additional information submitted to the AC would not have changed the ALJ's decision.  (*Id*. at 19-23.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  See 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process.  See *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A. RFC Determination

Plaintiff argues the ALJ's RFC was the product of legal error because the RFC was not supported by medical opinion evidence and it is not clear how the ALJ came to his determination. (Dkt. No. 10 at 21-26.) Specifically, Plaintiff argues the "sit/stand alternation pattern created by the ALJ has absolutely no support from the administrative record," and it is not apparent how the ALJ formulated the manipulative limitations "given the fact that Plaintiff had just undergone carpal tunnel and cubital surgery." (*Id*. at 22-24.) In addition, Plaintiff argues the opinion evidence in the record was rendered stale by his subsequent carpal tunnel surgery. (*Id*. at 25-26.)

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1)[2]. An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id*. § 416.927(d)(2); *see Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46 (2d Cir. 2021) ("An RFC

---

[2]   On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed his claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 2017.

finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear.").  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c); *s*ee *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (ultimately, it is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ).

In general, failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a *per se* error requiring remand. *See Cichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir. 2013).  Further, an RFC need not mirror a medical opinion.  *See Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) ("the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required").  Therefore, an ALJ's specific functional limitation, such as a sit/stand allowance, need not mirror a medical opinion; however, the ALJ must provide sufficient reasoning to support limitation.

Here, although the ALJ did not base the sit/stand option on a medical source opinion, the ALJ's limitation reflected Plaintiff's ability, the ALJ's reasoning is clear from his decision, and supported by substantial evidence.  *See Johnson v. Colvin*, No. 14-CV-580S, 2015 WL 5167162, at *4 (W.D.N.Y. Sept. 3, 2015), *aff'd*, 669 F. App'x 44 (2d

Cir. 2016) (ALJ's specific reduction in pace percentage reflected plaintiff's ability, the ALJ's reasoning was clear, and the ALJ's determination was supported by substantial evidence in the record). Further, although the record does not contain a medical opinion Plaintiff needed to alternate positions, the fact that the ALJ found a basis to include such limitations does not automatically require remand because it is ultimately Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ and Plaintiff failed to do so. *See Threatt v. Comm'r of Soc. Sec.*, No. 19-CV-0025, 2020 WL 4390695, at *5 (W.D.N.Y. July 31, 2020) (internal citations and quotation omitted).

In formulating Plaintiff's overall physical RFC, and specifically the sit/stand limitation, the ALJ relied on the evidence as a whole. *See Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). The ALJ considered Plaintiff's testimony that he had problems standing or sitting for long periods of time due to his back impairments. (T. 225.) The ALJ noted Plaintiff's testimony he could only stand for approximately one minute and must constantly rock and change positions when sitting. (*Id.*) The ALJ ultimately determined, based on objective and other evidence in the record, Plaintiff's statements concerning the limiting effects of his impairments were not entirely consistent. (*Id.*) In addition to Plaintiff's testimony, the ALJ considered objective medical evidence, including imaging. (T. 226.) The ALJ properly summarized the evidence in the record, including positive findings on examination and Plaintiff's anticipated surgery. (*Id.*)

Moreover, the ALJ considered opinion evidence in the record. The ALJ afforded "some weight" to the opinion of the non-examining State agency medical examiner, A. Vinluan, M.D. (T. 228.) Dr. Vinluan opined Plaintiff could perform light work with

additional non-exertional limitations.  (T. 279-280.)  The ALJ concluded the opinion was consistent with the medical record.  (T. 228.)  However, the ALJ determined evidence submitted after the doctor provided her opinion, including testimony at the hearing, warranted additional exertional and non-exertional limitations.  (T. 229.)

The ALJ further considered the opinion of consultative examiner, Hongbiao Liu, M.D.  (T. 229.)  Dr. Liu opined Plaintiff had "moderate limitations for lifting, carrying, and overhead reaching" and a "mild to moderate limitation for prolonged walking, bending, and kneeling."  (T. 504.)  The ALJ concluded Dr. Liu's opined limitations were consistent with the "overall medical evidence" containing various physical diagnosis and "mild to unremarkable imaging at times and/or conservative treatment."  (T. 229.)

The ALJ summarized that his physical RFC was "due to [Plaintiff's] degenerative disc disease of the lumbar spine" and other physical impairments.  (T. 230.)  The ALJ concluded, based on physical impairments, the objective medical evidence, subjective statements, and "all opinions," Plaintiff was restricted to "standing up for five minutes after every thirty minutes of sitting and sitting down for up to five minutes after every thirty minutes of standing, while remaining on task."  (*Id*.)  Overall, the ALJ outlined the evidence in the record he relied on in making his physical RFC determination and his reasoning for assigning Plaintiff a sit/stand limitation.  Therefore, Plaintiff's assertion that the ALJ's sit/stand limitation has "absolutely no support from the administrative record," fails.

Next, Plaintiff argues it is "not apparent" how the ALJ "determined that Plaintiff can frequently operate hand controls, reach, push, pull, handle, finger and feel with both upper extremities, given the fact that Plaintiff had just undergone carpal tunnel and

9

cubital surgery on June 7, 2019." (Dkt. No. 10 at 23.)  Essentially Plaintiff argues "[n]one of the physical opinion evidence [ ] took into consideration Plaintiff's carpal tunnel surgery or rendered a conclusion as to how Plaintiff was functioning post-surgery," and therefore, the ALJ impermissibly assessed manipulative limitations on the basis of bare medical findings.  (*Id*. at 23-24.)  Plaintiff's argument fails.

As stated already herein, an RFC need not mirror a medical opinion.  *See Monroe,* 676 F. App'x at 8.  Although the record does not contain a medical opinion provided after Plaintiff's carpal tunnel surgery, the ALJ took into consideration all of the evidence in the record concerning Plaintiff's ability to use his hands and upper extremities and the ALJ's conclusion was supported by substantial evidence.  Further, Plaintiff fails to cite any evidence in the record containing greater limitations than those provided by the ALJ.  *Tammy B. v. Comm'r of Soc. Sec.*, No. 20-CV-00044, 2021 WL 2155099, at *5 (W.D.N.Y. May 27, 2021).

Here, the ALJ's manipulative limitations were supported by evidence in the record as a whole.  As concluded by the ALJ, although Dr. Vinluan opined Plaintiff had no manipulative limitations (T. 280), the evidence received after the doctor provided her opinion supported additional limitations due, in part, to Plaintiff's "subsequent carpal tunnel surgery" (T. 228-229).  The ALJ considered the evidence in the record concerning carpal tunnel syndrome and treatment received.  (T. 226.)  Namely, during the relevant time period Plaintiff noted some improvement following cortisone injections and declined surgical intervention in January 2018; however, in March 2018 Plaintiff reported oral steroids provided no relief.  (*Id*.)  The ALJ considered evidence from 2019 documenting positive findings on examination and the decision to proceed with surgery.

(T. 227.)  Overall, the ALJ did not err in concluding, based on the record as a whole, Plaintiff had greater limitations than opined by any medical source.  *Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (ALJ did not err in "affording Plaintiff the benefit of the doubt" and ultimately "assessed a more restrictive RFC finding" than provided by medical opinion evidence).

Moreover, as noted by Defendant (Dkt. No. 11 at 16), even if this worsening were severe enough to render Plaintiff disabled, it did not last for the requisite 12-month period.  42 U.S.C. § 423(d)(1)(A); *see Barnhart v. Walton*, 535 U.S. 212, 219 (2002) (holding that the functional limitations caused by the impairment, and not just the diagnosis, must meet the twelve-month duration requirement).  Accordingly, Plaintiff failed to show, as was his burden, that impairments due to recent carpal tunnel surgery were disabling in nature for a 12-month period.

Lastly, Plaintiff argues his subsequent carpal tunnel surgery rendered the medical opinions in the record "stale" and therefore they "cannot constitute substantial evidence."  (Dkt. No. 10 at 25.)  To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding."  *Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).  Further, a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition.  *See Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).  "However, a medical opinion is not necessarily stale simply based on its age."  *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018).  Remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of

11

[plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020). As outlined above, the ALJ considered all of the medical evidence in the record in accounting for Plaintiff's manipulative limitations, including his recent carpal tunnel surgery. Therefore, the ALJ did not err in relying, in part, on medical opinion evidence rendered prior to a surgery in formulating his overall RFC determination.

Overall, the ALJ did not err in concluding Plaintiff had an additional sit/stand limitation and manipulative limitations in the RFC. The ALJ considered the record as a whole and his determinations were supported by substantial evidence in the record. Moreover, it is "Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ" and Plaintiff failed to do so. *Beaman v. Comm'r of Soc. Sec.*, No. 18-CV-1344, 2020 WL 473618, at *6 (W.D.N.Y. Jan. 28, 2020); *see Cook*, 818 F. App'x at 109-10.

### B. Additional Evidence Submitted to the AC

Plaintiff argues the AC erred by not considering the new and material evidence submitted by Plaintiff. (Dkt. No. 10 at 14-20.) The evidence submitted to the AC consists largely of ongoing treatment for low back pain and subsequent surgery. (T. 8-91.) For the reasons outlined below, a review of the record including the evidence first submitted to the AC would not dramatically alter the weight of the evidence and therefore remand is not required.

If the AC denies review of a case, "the ALJ's decision, and not the Appeals Council's is the final agency decision." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015). However, the court in *Lesterhuis* also held that when reviewing the

Commissioner's decision, "[w]e 'review the entire administrative record which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the [Commissioner].' " *Id*. (citing *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)) (emphasis added); *see also Westhoven v. Comm'r of Soc. Sec.*, No. 17-CV-1048, 2019 WL 1541053, at *6 (W.D.N.Y. Apr. 9, 2019) (recognizing that after *Lesterhuis*, the court must focus on the ALJ's decision and not the AC's denial of review). The issue is whether the new evidence "altered the weight of the evidence so dramatically as to require the Appeals Council to take the case." *Bushey v. Colvin*, 552 F. App'x 97, 98 (2d Cir. 2014). Here, evidence of Plaintiff's subsequent back surgery did not dramatically alter the weight of the evidence. *Bushey,* 552 F. App'x at 98.

Plaintiff argues evidence of back surgery supports Plaintiff's complaints and treatment of back pain. (Dkt. No. 10 at 17-18.) However, the ALJ did not discredit Plaintiff's statements and complaints of symptoms and limitations due to his back impairments based on Plaintiff's conservative treatment or lack or surgery. *See Fleming v. Comm'r of Soc. Sec.*, No. 1:19-CV-00028 EAW, 2020 WL 2124155, at *5 (W.D.N.Y. May 5, 2020) (evidence of subsequent surgery undermined the ALJ's conclusion that Plaintiff's routine and conservative treatment was inconsistent with her allegations of disability and the medical evidence in the record). In his decision, the ALJ concluded Plaintiff's back impairment was a severe impairment. (T. 222.) The ALJ thoroughly discussed the evidence in the record, including objective examinations and medical imaging, regarding Plaintiff's back impairment. (T. 225.) The ALJ properly noted Plaintiff's treatment, including "recommended" back surgery. (T. 226.)

In addition, although the post-surgery notations contained specific exertional restrictions; such limitations were acute in nature and not wholly inconsistent with the ALJ's RFC.  At discharge Plaintiff was advised to weight bear on his lower extremities "as tolerated," no "heavy lifting," no twisting, no bending, and he could travel in a car for 45 minutes.  (T. 13.)  The lifting and carrying requirements of light work are consistent with post-operative limitation of no heavy lifting.  *Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) (direction that plaintiff should avoid heavy lifting and carrying consistent with light work).  Approximately two weeks after surgery, Plaintiff was advised to "avoid any excessive bending or twisting" when not wearing his back brace and no "heavy lifting" until further notice.  (T. 91.)  The occupations provided by the vocational expert at the hearing, and relied on by the ALJ at step five, do not require bending, *i.e.* stooping, crouching or crawling.  (DOT 222.587-038, 209.687-026, 209.587-010.)  The ALJ's sit/stand limitations is also consistent with the recommendation he only travel in a car for 45 minutes at a time.  The newly submitted evidence does not contain any standing or walking restrictions.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (ALJ is entitled to rely not only on what the record says, but also on what it does not say).  Therefore, although the new evidence pertained to a condition Plaintiff suffered from at the time of the hearing and decision, the evidence does not undermine the ALJ's determination.

Overall, the ALJ properly assessed the evidence in the record concerning Plaintiff's back impairments, including treatment and recommended surgery.  Surgery records did not undermine or dramatically alter the weight of the evidence.  Therefore,

evidence of Plaintiff's back surgery submitted to the AC would not have altered the ALJ's decision and remand is not required.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:    November 18, 2021

*William B. Mitchell Carter*
U.S. Magistrate Judge